THE STATE, EX REL. WADE, *v.* JOEST ET AL.

SUPREME COURT.—*Evidence.*—*Proof of Age.*—Where the question in dispute was whether or not, at the time when a certain payment was made by the defendant to the plaintiff, the latter was twenty-one years old, as the defendant claimed and the plaintiff denied, and the verdict was for the defendant, the Supreme Court refused to interfere upon the evidence, that in favor of the affirmative being the testimony of the defendant and two others, that at the time of the payment the plaintiff stated that he was of that age, and the testimony of another witness that before the time of said payment the plaintiff stated that he was of age to said witness; and the evidence to the contrary being the testimony of the plaintiff and a family record stating the date of his birth, which, it was shown, was not made at the time of the event, or by a member of the family, but by a stranger, at the procurement of the plaintiff's father, when the plaintiff was "very small."

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies,* for appellant.

*J. & H. C. Pitcher, E. M. Spencer* and *W. Loudon,* for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees, on the bond of Joest, as administrator of the estate of one Rhodes Rogers, deceased, the relatrix being one of the heirs of the deceased, and the defendants, other than Joest, being the sureties on the bond. It is alleged in the complaint that, on the final settlement of the estate, twelve hundred and seventy-five dollars were ordered to be paid to the relatrix as her distributive share; that she had demanded payment thereof, which had been refused, etc.

Answer, alleging payment, setting out amounts and dates. Reply:

1. That the relatrix was an infant when the payments were made.

2. The same, with the additional averment that the amounts were not for any necessaries suitable to her condition in life.

The issues were tried before a jury, and there was a verdict for the defendant. Motion by the plaintiff for a new trial for the reasons following:

1. The verdict is contrary to law.

2. The verdict is contrary to the law and the evidence.

3. The verdict is contrary to the instructions of the court under the law and the evidence.

This motion was overruled, and there was final judgment for the defendant. This is the same litigation as that in *The State, ex rel. Wade*, v. *Joest*, 46 Ind. 233; and see, also, the case next succeeding that.

The only ground relied upon for a reversal of the judgment now is, that the evidence was not sufficient to justify the verdict. The question is whether or not the evidence shows that the relatrix was twenty-one years of age when the payments were made to her. While we concede that there is ground for a difference of opinion, we think we ought not to disturb the judgment. The defendant and two other witnesses testified, that when the first payment was made to the relatrix, she stated that she was twenty-one years of age. Another witness for the defendant stated that the relatrix stated to her that she was of age at a date prior to the making of the first payment, and would not have to have a guardian. In opposition to this was the testimony of the relatrix and a family record containing the date of her birth, which, however, was not made contemporaneously with the events recorded, nor by any member of the family. The relatrix testified as follows as to this:

"My father got a school teacher to make out the record of the births, many years ago, when I was very small."

It is not denied that payment was made to the relatrix.

The judgment is affirmed, with costs.